```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

        - against -                    MEMORANDUM AND ORDER

CESAR PEREYRA-POLANCO,                 19 Cr. 10 (NRB)

                Defendant.
-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Cesar Pereyra-Polanco moves for compassionate release, or, in the alternative, temporary release, from the Metropolitan Detention Center (the "MDC"), where he has served three months of his 40-month sentence for distributing and possessing with intent to distribute heroin and fentanyl. Mr. Pereyra-Polanco, who is 71 years old, argues that his age and his "health conditions," in the setting of the MDC during the COVID-19 pandemic, warrant his release.[1] The Government opposes Mr. Pereyra-Polanco's motion.

Mr. Pereyra-Polanco moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling

---

[1] While Mr. Pereyra-Polanco bases his motion in part on his "health conditions," e.g., ECF No. 50 at 22, he fails to state what those conditions are. By contrast, during his presentence interview, Mr. Pereyra-Polanco described his physical health as "good," and noted only that he has hypertension, which he treats with prescription medication. ECF No. 38 at 9.

reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, a court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Director of the Bureau of Prisons has made no such motion, and Mr. Pereyra-Polanco admits that he has not satisfied, let alone tried to satisfy, the requirements for bringing his own motion. Mr. Pereyra-Polanco nonetheless argues that, during a crisis such as the COVID-19 pandemic, the Court has the authority to waive compliance with Section 3582(c)(1)(A)'s exhaustion requirement, and that it should do so. The Government contends that the Court lacks the authority to excuse such compliance.

The Second Circuit has not addressed whether courts may waive a defendant's compliance with Section 3582(c)(1)(A)'s exhaustion requirement, and district courts in the Second Circuit are divided

on the issue. See United States v. Haney, No. 19-cr-541 (JSR), --- F.Supp. 3d ---, 2020 WL 1821988, at *1 n.1 (S.D.N.Y. Apr. 13, 2020) (collecting and comparing cases). After careful consideration of the decisions of those district courts, the Court concludes that it cannot waive Mr. Pereyra-Polanco's compliance with Section 3582(c)(1)(A)'s exhaustion requirement substantially for the reasons set forth in Judge Furman's decision in United States v. Roberts, No. 18-cr-528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020). Accordingly, as Mr. Pereyra-Polanco has failed to exhaust his administrative remedies, his motion for compassionate release must be, and therefore is, denied.

Mr. Pereyra-Polanco argues in the alternative that Section 3582(c) and 18 U.S.C. § 3142(i) each empower the Court to release him from confinement temporarily until the COVID-19 pandemic abates. The Government contends that neither statute confers such authority on the Court.

The Court agrees with the Government. Section 3582(c) "simply authorizes a court to 'reduce the term of imprisonment,' and says nothing about temporary release or other such exotic possibilities." Haney, 2020 WL 1821988, at *7 (quoting 18 U.S.C. § 3582(c)(1)(A)). Section 3582(c) therefore does not grant the Court the authority to release Mr. Pereyra-Polanco temporarily

until the COVID-19 pandemic abates.  See id.; see also Roberts, 2020 WL 1700032, at *3 ("[T]he only way to grant Ms. Roberts the relief she seeks (i.e., release from prison) under Section 3582(c) is to reduce her sentence to time served -- in other words, to permanently release her." (emphasis in original)).  Moreover, Section 3142(i), which "permit[s] the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason," 18 U.S.C. § 3142(i), applies only to defendants awaiting trial or sentencing, and therefore does not apply to defendants, such as Mr. Pereyra-Polanco, who have already been sentenced, see United States v. Hernandez, No. 19 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) ("The statute authorizing the temporary release of defendants awaiting trial or sentence, 18 U.S.C. § 3142(i), does not apply to sentenced defendants.").  Thus, the two cases on which Mr. Pereyra-Polanco relies in arguing for temporary release under Section 3142(i) -- United States v. Stephens, No. 15 Cr. 95 (AJN), --- F.Supp. 3d ---, 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020), and United States v. Perez, No. 19 Cr. 297 (PAE), 2020 WL 1329225 (Mar. 19, 2020) -- concerned defendants who were not yet sentenced.

**CONCLUSION**

Mr. Pereyra-Polanco's motion for compassionate release, or, in the alternative, temporary release, is denied without prejudice for the reasons stated herein. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 50 and 51.

**SO ORDERED.**

Dated:  New York, New York
        April 14, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE